UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHNATHAN BARKER,

                                Plaintiff,

                  -against-

SUFFOLK COUNTY and NASTAJA BELLINGER,

                        Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

24-CV-07941 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

On November 14, 2024, Plaintiff Johnathan Barker ("Plaintiff") filed this pro se action pursuant to 42 U.S.C. § 1983, along with a proposed order to show cause for a preliminary injunction and temporary restraining order. Complaint ("Compl."), ECF 1; Proposed Order to Show Cause ("Order to Show Cause"), ECF 2. Barker, who is currently incarcerated at Suffolk County Correctional Facility, brings this action against defendants Suffolk County and Natasha Bellinger ("Bellinger"), his criminal defense attorney.

The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. However, for the following reasons, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Thus, the Court does not address Plaintiff's request for temporary and/or preliminary injunctive relief.

1

**BACKGROUND**

Plaintiff alleges that he was charged in Suffolk County Supreme Court, New York, Docket Number CR-15519-24SU, with unspecified crimes related to the May 5, 2024 shooting of Kevin Hubbard at 792 Bayview Avenue in Amityville, New York.  Compl. at 3; Exhibits, ECF 1-1, at Exhibit 3.  Further, Plaintiff alleges that on an unspecified date, he pleaded guilty to an unspecified crime and thereafter learned that the victim, Kevin Hubbard, had provided an August 20, 2024 sworn statement to private investigator William D. Henderson, explaining that he did not wish to pursue charges and was not interested in testifying at trial if asked.  Exhibits at Exhibit 2.  The victim also provided a second statement on September 9, 2024 "affirm[ing] that Johnathan Barker is not the person who shot [him] during the incident on May 5, 2024.  I know the individual who shot me, and I am certain that Johnathan Barker is not that person." *Id.* at Exhibit 3.  Plaintiff's defense attorney, Bellinger, mailed the statements to plaintiff on September 24, 2024. *Id.* at Exhibit 1.

Plaintiff is scheduled to be sentenced in his criminal action pending in Suffolk County Criminal Court on November 20, 2024.  Affidavit/Affirmation in Support of Order to Show Cause ("Affidavit"), ECF 3, at 1.  Although the complaint does not specify the relief sought, Plaintiff's proposed order to show cause and the affidavit in support of the order to show cause make clear that Plaintiff seeks to withdraw his guilty plea, replace Bellinger as his counsel, and enjoin his November 20, 2024 sentencing. *Id.* at 1.

**STANDARD OF REVIEW**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they

suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Notwithstanding the liberal pleading standard afforded to pro se litigants, a plaintiff must establish that the court has subject matter jurisdiction over the action. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed R. Civ. P. 12(h)(3).

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees. *See* 28 U.S.C. § 1915A. Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Likewise, a district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff seeks a temporary restraining order and preliminary injunction to enjoin his state court criminal prosecution. Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In general, a party seeking a preliminary injunction must demonstrate "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of the party's claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *Conn. State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022) (internal quotations omitted). However, "when a court determines it lacks subject matter jurisdiction, it cannot consider the merits of the preliminary injunction motion and should dismiss the action in its entirety." *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120 (2d Cir. 2024) (emphasis omitted).

It is clear from the face of Plaintiff's submissions that the Court lacks subject-matter jurisdiction because of the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Out of respect for the legitimate interest of the state, and to avoid needless friction, federal courts cannot interfere with an ongoing state criminal proceeding, so long as the defendant being prosecuted has an adequate opportunity to raise constitutional challenges in the underlying state forum. *Id.* at 43-44. This is known as the *Younger* abstention doctrine. The *Younger* doctrine holds that federal courts must abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the

4

plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, 16-CV-448 (AMD) (LB), 2017 WL 564727, at \*3 (E.D.N.Y. Jan. 24, 2017) (citing *Hansel v. Town Court for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995)), *report and recommendation adopted sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, 16-CV-448 (AMD) (LB), 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017); *see also Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. at 43-44). The *Younger* doctrine is based upon "the notion that, in the ordinary course, 'a state proceeding provides an adequate forum for the vindication of federal constitutional rights." *Diamond*, 282 F. 3d at 198 (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir.1994)). Accordingly, principles of federalism, comity, and mutual respect require federal courts to abstain from interfering in ongoing state court proceedings. *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999).

There are, however, times when a federal court may set aside the *Younger* doctrine and intervene in an ongoing state proceeding. Federal intervention is appropriate when there has been "a showing of 'bad faith, harassment or any other unusual circumstances that would call for equitable relief.'" *Diamond*, 282 F. 3d at 198 (quoting *Younger*, 401 U.S. at 54). For example, in a case involving an ongoing criminal prosecution in state court, federal intervention may be warranted if the prosecution "is brought in bad faith or is only one of a series of repeated prosecutions." *Younger*, 401 U.S. at 49. To demonstrate bad faith, a plaintiff must show that the relevant state proceeding "was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond*, 282 F. 3d at 199. "[T]he party bringing the state action must have no reasonable expectation of obtaining a favorable outcome." *Id.* "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of

constitutional rights are egregious—will not warrant the application of the bad faith exception."
*Id.*

This case involves plaintiff's ongoing criminal prosecution, one of the three circumstances contemplated by *Younger.    See Diamond*, 282 F. 3d at 198.    "The ongoing state criminal prosecution implicates New York State's important interest in enforcing its own criminal laws." *Rodriquez v. Deputy Arthur Shattuck*, 8:24-CV-00778, 2024 WL 4767027, at *3 (N.D.N.Y. Nov. 13, 2024) (citing *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 70 (2013)); *see Manchanda v. Bose*, 14 CV 9658, 2015 WL 81998, at *1-2 (S.D.N.Y. Jan. 6, 2015) ("Because Plaintiff seeks to review, intervene in, or enjoin pending state criminal proceedings, the court must abstain pursuant to *Younger* from exercising jurisdiction over plaintiff's federal claims").  The state proceeding will afford Plaintiff an adequate opportunity for judicial review of his constitutional claims because, if Plaintiff is convicted, he can raise his claims on direct appeal or through collateral review. *Rodriquez v. Deputy Arthur Shattuck*, 2024 WL 4767027, at *3-4 (citing *Shelley v. Gulotta*, 09-CV-4883, 2010 WL 309011, at *2,  (E.D.N.Y. Jan. 26, 2010) (finding the *Younger* requirements met where state criminal charges were pending)); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 317-18 (E.D.N.Y. 2006) (same)).

The Court has considered whether the "bad faith" exception to *Younger* applies to this case and finds that it does not.  Plaintiff alleges that: his constitutional rights have been violated because criminal procedure laws have not been followed; his defense counsel has not adequately represented him because she did not inform him of the victim's exculpatory statement until after he took the plea; and Plaintiff's defense counsel tried to take "forged documents" from Suffolk County Police Department from Plaintiff.  Compl. at 4, 5.  However, this does not constitute the

"bad faith" necessary for a federal court to intervene.  A state proceeding that is legitimate in its purposes, but unconstitutional in its execution, even when violations of constitutional rights are egregious, does not warrant application of the bad faith exception to *Younger* abstention. *Diamond*, 282 F.3d at 199.  Plaintiff does not allege that the criminal proceedings were initiated by a "retaliatory, harassing, or other illegitimate motive" or any facts supporting such a claim. *See id*.  That is, although Plaintiff alleges that the proceedings have been unconstitutional in their execution, he does not suggest that the purpose of the proceedings is illegitimate. *See id.*

The Court therefore finds that *Younger* abstention is appropriate. *See Pawelsky v. Cnty. of Nassau, New York*, 684 F. Supp. 3d 73, 87 (E.D.N.Y. 2023) (abstaining under *Younger* and declining to "reach the issue of the preliminary injunction," where plaintiff's claims were connected to ongoing criminal prosecution); *Graham v. Crim. Ct. of the City of New York*, No. 15-CV-00337, 2015 WL 427981, at *4 (E.D.N.Y. Feb. 2, 2015) (abstaining under *Younger* and dismissing plaintiff's claims for injunctive relief, including "a request to vacate her criminal case and institute a number of actions against members of the criminal court"); *Bacchus v. New York*, 13-CV-6847, 2014 WL 580883, at *1-2 (E.D.N.Y. Feb. 13, 2014) (abstaining under *Younger* and dismissing where plaintiff sought to have court dismiss his criminal proceeding); *Lu v. Rocah*, 22-CV-9715, 2023 WL 4030015, at *2 (S.D.N.Y. June 15, 2023) (abstaining under *Younger* in light of plaintiff's ongoing criminal prosecution and denying Plaintiff's request for habeas relief).

## CONCLUSION

Accordingly, the complaint is dismissed, without prejudice, for lack of jurisdiction.  Fed. R. Civ. P. 12(h); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 100 n.3 (1998) (noting that the Supreme Court has treated "*Younger* abstention . . . as jurisdictional.").  The Court declines leave to amend as amendment would be futile.  *Grullon v. County of New Haven*, 720 F.3d 133,

140 (2d Cir. 2013).  As there is no basis for subject matter jurisdiction, the Court cannot consider

plaintiff's request for a temporary restraining order or preliminary injunction.

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this

Memorandum and Order to the Plaintiff, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order

would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose

of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/                         
ORELIA E. MERCHANT
United States District Judge

Dated: November 18, 2024
Brooklyn, New York